**UNITED STATES of America,**
**Appellee,**

v.

**Maroof AHMED; Beth Cherry; Mohammad Sheikh; Munir Khan, also known as Ali Khan, also known as Munir Shah, also known as Islahm Khan, Defendants,**

**Shahzad Ahmed, also known as Tipou, Defendant–Appellant.**

**Docket No. 02–1320.**

United States Court of Appeals, Second Circuit.

June 13, 2003.

Gail E. Laser, New York, NY, for Defendant–Appellant.

Paul B. Radvany, Assistant United States Attorney for the Southern District of New York, N.Y. (James B. Comey, United States Attorney, Ronnie Abrams, Assistant United States Attorney, Christine H. Chung, Assistant United States Attorney, on the brief), for Appellee.

Present: MINER, JACOBS, and CABRANES, Circuit Judges.

## *SUMMARY ORDER*

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the case is **AFFIRMED.**

Shahzad Ahmed appeals from a judgment of conviction entered in the United States District Court for the Southern District of New York (Griesa, *J.*). A jury convicted Ahmed on one count of conspiracy to import heroin in violation of 21 U.S.C. § 963 and two counts of conspiracy to distribute heroin in violation of 21 U.S.C. § 846. Judge Griesa sentenced Ahmed principally to a term of 262 months' imprisonment.

On appeal, Ahmed challenges rulings: (1) admitting exculpatory post-arrest statements by his brother only if accompanied by his brother's inculpatory post-arrest statements; (2) admitting proof of Ahmed's prior conviction for misprision of felony; and (3) granting a four-level role enhancement for a leadership role in the offense. Ahmed also seeks to set aside the conviction on the grounds that: (4) his counsel ineffectively explained that statements made during a proffer session could be used to rebut testimony and evidence at trial; and (5) comments made by Judge Griesa during trial caused unfair prejudice.

■ 1. Evidentiary decisions are reviewed for abuse of discretion. *See United States v. Tocco,* 135 F.3d 116, 127 (2d Cir.1998). The district court found that the post-arrest statement, even when read in its entirety, gave a misleading impression that Ahmed's brother did not implicate Ahmed in the charged scheme. "When a writing ... or a part thereof is introduced by a party, an adverse party may require the introduction at that time of any other part or any other writing ... which ought in fairness to be considered contemporaneously." Fed.R.Evid. 106. Requiring the admission of the unredacted statement along with the brother's proffer statement "ensure[d] a fair and impartial understanding" of the redacted portion that Ahmed sought to have admitted. *United States v. Castro,* 813 F.2d 571, 576 (2d Cir.1987). We see no abuse of discretion here.

■ 2. Under the inclusionary approach to Fed.R.Evid. 404(b) favored in this Circuit, "evidence of prior crimes, wrongs, or acts is admissible for any purpose other than to show a defendant's criminal propensity." *United States v. Harris,* 733 F.2d 994, 1006 (2d Cir.1984). Ahmed was convicted in 1994 of misprision of felony for failure to report illegal narcotics activity by his uncle. Evidence introduced at the present trial, and unchallenged here, established that, in recruiting a co-conspirator, Ahmed had minimized the danger of conviction by boasting that if caught they could feign ignorance and receive a lesser sentence—as he had previously done. Ahmed's prior conviction for misprision of felony (i) was corroboration that the statement was made, and (ii) undermined his present claim of ignorance. "Where a defendant claims that his conduct has an innocent explanation, prior act evidence is generally admissible to prove that the defendant acted with the state of mind necessary to commit the offense charged." *United States v. Zackson,* 12 F.3d 1178, 1182 (2d Cir.1993). Moreover, prejudice was mitigated by the court's instructions warning the jury against using the prior conviction as propensity evidence. The district court did not abuse its discretion.

3. Facts relied on in sentencing need only be established by a preponderance of the evidence, and a sentencing court's findings of fact will be overturned only if clearly erroneous. *See United States v. Jacobo,* 934 F.2d 411, 418 (2d Cir.1991). The sentencing guidelines provide a four-level enhancement for "organizers" or "leaders" of a criminal activity. *See* U.S.S.G. § 3B1.1. Ahmed is subject to the enhancement even if he organized a single other participant and even if someone else qualifies as a leader. *See* U.S.S.G. § 3B1.1., Appl. Notes 2 & 4. Here the presentence report recommended a four-level leadership role enhancement; after considering the parties' objections, the district court adopted the recommendation, which provided ample basis to support the enhancement. *See United States v. Zichettello,* 208 F.3d 72, 107 (2d Cir.2002). We see no clear error.

4. To establish a claim for ineffective assistance of counsel, Ahmed must show that counsel's conduct fell below an objective standard of reasonableness and that but for counsel's errors the results of the proceedings would have been different. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). However, "ineffective assistance of counsel claims are not generally entertained on direct appeal." *United States v. Headley,* 923 F.2d 1079, 1083 (3d Cir.1991) (citation omitted). A narrow exception exists "[w]here the record is sufficient to allow determination of ineffective assistance of counsel. . . ." *Id.* But that exception is unavailable in this case. The only evi-

dence for Ahmed's ineffective assistance claim is an affidavit provided by appellate counsel containing hearsay statements by Ahmed's former trial counsel. Ahmed claims that because counsel apparently failed to understand the scope of the proffer agreement, there is no way that Ahmed himself could have understood its scope. The record is insufficiently clear to warrant our exercise of appellate jurisdiction here.

5. Ahmed claims that Judge Griesa's comments during defense counsel's cross examination of a co-conspirator compromised his right to a fair trial. Judge Griesa's comments gave no unwarranted credence* to the Government's version of the facts, but merely instructed defense counsel to refrain from arguing her case in cross-examination and to permit "the jury to evaluate all the evidence as a whole when it is all in." Judge Griesa's comments did not "reach the point at which it appears clear to the jury that the court believes the accused is guilty." *United States v. Robinson,* 635 F.2d 981, 984 (2d Cir.1980) (quoting *United States v. Nazzaro,* 472 F.2d 302, 303 (2d Cir.1973)). Ahmed relies on a single clause to which objection was taken before the sentence was completed in a way that obviated the objection. Ahmed's right to a fair trial was not violated.